IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Victor Rafael Nuñez**<br>*Plaintiff*<br>*v.*<br>**Transoceanic Cable Ship Co., LLC**<br>**a/k/a SubCom LLC**<br>Corporation A, and Insurance Company B.<br>*Defendants* | CIVIL ACTION<br>Case No. 3:23-cv-1325<br>TITLE VII CIVIL RIGHTS ACT OF 1964<br>• *Race/National Origin*<br>AGE (ADEA)<br>RETALIATION<br>*Demand for Jury Trial* |

### **COMPLAINT**

### INTRODUCTION

1. Plaintiff *Victor Rafael Nuñez* ("*plaintiff*") brings this civil action pursuant to *Title VII of the Civil Rights Act* and the *Age Discrimination in Employment Act*, to remedy acts of unlawful employment discrimination perpetrated against him, by former employer and defendant *Transoceanic Cable Ship. Co., LLC*.

2. Plaintiff is an experienced *merchant marine.* A Hispanic who is over forty (40) years of age, of Puerto Rico origin. Plaintiff worked for defendant for approximately twenty (20) years, until he was subjected to his wrongful termination of employment, on July 19, 2022, with a *pretextual* excuse. He was qualified for his position and had no recurring disciplinary problems.

3. In wanton disregards for federal laws protecting individuals from discriminatory employment practices, his defendant/employer *selectively* choose to terminate his employment, because of his *race (Hispanic)*, *national origin (Puerto Rico)*, *age (dob xx/xx/1968)*, and *protected activities*. Defendants should be held accountable for unlawful workplace practices that led to plaintiff's wrongful termination of employment. Defendants had no legitimate reason to terminate.

4. Plaintiff respectfully asks this Court to find defendants' conduct in violation of Federal Antidiscrimination Laws, specifically Title VII of the Civil Right Act of 1964, 42 U.S.C. §2000 et seq.) and the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), as codified 29 U.S.C. §§621-634 (amended in 1984, 1990, and by the Age Discrimination in

Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166). As well, as in violation of various corresponding Puerto Rico laws.

5. Defendants failed to treat plaintiff in a non-discriminatory manner and created a hostile working environment for Nuñez, in violation of established laws. Plaintiff was mistreated by supervisors and things got worse after he engaged in protected activity. Defendants are jointly and severely liable for violating plaintiff's rights under Federal and Puerto Rico law. Plaintiff seeks his reinstatement, back pay, benefits, compensatory and punitive damages, and his attorney fees.

## JURISDICTION

6. This Honorable Court has original jurisdiction over Plaintiff's federal claims set forth in this Complaint pursuant to 28 U.S.C. §1331 (federal question), and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, and the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), as codified 29 U.S.C. §§621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166), and Court may exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (a) because those arise from the same nucleus of operative facts as Plaintiff's federal claims.

### *Venue*

7. Venue properly lies before this Court under 28 U.S.C. §1391(b) and 42 U.S.C. Section 2000e-5(f) (3), as plaintiff was employed by defendant to provide services in Puerto Rico. The plaintiff is a resident of the Commonwealth of Puerto Rico and the acts and/or omissions giving rise to his claims have occurred in this district. Accordingly, under 29 U.S.C. §1391 (b) (2), venue lies in this judicial district. However, in this Title VII case, venue is governed exclusively by statutory venue provision in Title VII, not 28 U.S.C. § 1391. In this case, plaintiff can satisfy at least one of the four venue options, as Puerto Rico is the judicial district in which he was assigned to work, but for the unlawful employment practices. See 42 U.S.C. §2000e-5(f)(3) Although it would be burdensome for employer defendant to litigate in this forum, it is not so burdensome as

to be "constitutionally significant". See *Hogar Crea, Inc. v. Hogar Crea Intern. Of Connecticut, Inc.*, 708 F. Supp.2d 158 (2009). The need to travel to Puerto Rico creates no especially ponderous burden for business travelers. *Pritzker*, 42 F.3d at 64. Unlike *Hogar Crea*, defendant is not made up of volunteers with relatively low incomes working for an organization that itself has a small budget. Multiple factors tip in favor of exercising jurisdiction, and there are benefits to plaintiff and the judicial system of exercising jurisdiction, to avoid piecemeal litigation in multiple forum. The Court should find it possesses and should exercise specific personal jurisdiction over defendants. Defendants' argument, primarily their convenience, will not be persuasive. For purposes of the general jurisdiction analysis, the District Court has to "consider all of a defendant's contacts with the forum state prior to the filing of the lawsuit." *Harlow v. Children's Hosp.*, 432 F.3d 50, 65 (1st Cir.2005). Transfer is inappropriate "where its effect is merely to shift the inconvenience from one party to the other." *Sigros v. Walt Disney World Co.*, 129 F. Supp. 2d 56, 71 (D. Mass. 2001). Transfer to Maryland or New Jersey would merely shift the burden of litigation from defendant to the plaintiff, who should benefit from a presumption that favors his chosen forum. The District Court is not required to determine the best venue, merely a proper venue. See *Uffner v. La Reunion Francaise*, S.A., 244 F.3d 38, 42 (1st Cir.2001) at 42 (quoting *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867 (2nd Cir.1992). "If the plaintiff presents a prima facie case that venue is proper, after reading the pleadings and affidavits in the light most favorable to the plaintiff, the defendant's motion will be denied." *Zimmer Enters., Inc. v. Atlandia Imps., Inc.*, 478 F.Supp.2d 983, 986 (S.D.Ohio 2007). (Emphasis) The court need not consider allegations made by a defendant contrary to those presented by the plaintiff if the court makes its determination upon the pleadings and affidavits without a hearing. *Centerville ALF*, 197 F.Supp.2d at 1046. See also Ring v. Roto-Rooter Services Co., F. Supp.2d (2010)

8. Prior to filing this lawsuit, plaintiff filed a timely written charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), where he notified defendant and charged

employer with discrimination based on *age*, *race*, and *national origin*. The charge placed defendant on notice of claims, including *retaliation*, under Federal anti-discrimination statutes.

9. The EEOC issued a Notice of Right to Sue. *Victor Rafale Nuñez* has filed this civil action within 90 days of receipt of the notice. Accordingly, plaintiff has exhausted administrative remedies pursuant to 42 U.S.C. §2000e-5 and this Complaint is properly filed.

**PARTIES**

13. Plaintiff *Victor Rafael Nuñez* ("*plaintiff*") is a citizen of Bayamón, Puerto Rico and at all relevant times was employed by *Transoceanic Cable Ship Co., LLC*. He is o*ver forty (40) years of age*, *Hispanic* and of *Puerto Rico origin*. He resides in the judicial District of Puerto Rico, with mailing address Urb. Casa Linda Village, Calle 4 A-45, Bayamón, PR 00959, and with phone telephone number (787) 409-3131.

14. Defendant *Transoceanic Cable Ship Co., LLC* a/k/a SubCom LLC (Hereinafter "defendant") is a foreign owned for-profit corporate legal entity. With mailing address 250 Industrial Way W., Eatonstown, NJ 07724-2206 and principal place of business 1001 E. McComas St., Baltimore MD 21230. Its principal officer is Managing Director of Marine Operations James S. Herron. Defendant is vicariously liable for unlawful employment practices, acts and/or omissions of Linda Lavender, Senior Manager, of Marine Personnel for SubCom, LLC.

15. Defendant *Corporation A* and *Insurance Company B* are unknown defendants that may be called upon to respond for defendant's actions and will be identified during the discovery phase of the case, and promptly substituted in advance, prior to Trial for referenced case. Plaintiff reserves de right to amend this Complaint, if necessary, to include his employer's supervisors and other legal entities that could be held vicariously liable for defendant's actions.

16. Defendants are employees, agents, supervisory personnel and were, at all times material to this Complaint, acting in the course and scope of their employment. Defendants participated in and/or directed the unlawful violations alleged herein or knew of the violations and failed to act to prevent them. All defendants are jointly liable for monetary damages alleged herein.

**FACTUAL ALLEGATIONS**

17. The plaintiff *Victor Rafael Nuñez* (Hereinafter "*plaintiff*") has worked as *Merchant Marine* for his former employer-defendant *Transoceanic Cable Ship Co., LLC* for approximately twenty (20) years.

18. At all relevant times the plaintiff identified as Hispanic of Puerto Rico origin.

19. Plaintiff was born in 1968 a fact known to his employer since he was hired, and at all relevant times to this Complaint, he was over the age of forty, thus belonging to a protected age group of individuals.

20. Plaintiff was unlawfully subjected to his wrongful termination of employment on July 19, 2022, by his former employer-defendant, with a pretextual excuse.

21. During plaintiff's employment he had no recurring disciplinary problems or performance issues. During his performance evaluations he always met or exceeded his employer's objective work expectations.

22. At the time of plaintiff's wrongful termination of employment, defendant failed to follow any kind of progressive disciplinary actions, nor had received any complaints from Ship Captains, as required by the Union agreement, related to his work performance.

23. Prior to his termination, the plaintiff had engaged in protected activity as Union Representative, defending the rights of his fellow employees. He was often the Ship Chairman on board the vessels for the Union.

24. Plaintiff's wrongful termination of employment was retaliatory, for having opposed his former employer's unlawful work practices and asserting his coworker's rights.

25. Plaintiff was unjustly subjected to disparate treatment, because similarly situated employees who were not Hispanic nor of Puerto Rico origin, were treated better, not terminated.

26. Upon termination, employer substituted plaintiff for a younger person (under 40) outside his protected age group, to perform similar functions. Defendants sought to exclude the plaintiff from the workplace because of his age (54) and substituted him with younger individuals.

27. Prior to his unlawful termination of employment, defendants failed to give plaintiff any written notice, work suspension or personal improvement plan. Defendants also failed to follow employee manual and/or union agreements with respect to progressive discipline measures. Nor was plaintiff given any written warning prior to his unlawful termination of employment.

28. Defendants created a hostile work environment, by subjecting the plaintiff to his wrongful termination of employment with pretextual baseless allegations, when on July 15, 2022, he was informed via phone by Linda Lavender, of his wrongful termination of employment, while plaintiff was on his scheduled vacation.

29. Younger less experienced and less qualified employees were hired by defendants, and/or were allowed to continue to work for the company, including performing plaintiff's tasks.

30. The plaintiff was unlawfully discriminated by his former employer because of his *age*, *race*, *national origin,* and *protected activities*, in violation of ADEA and Title VII. Plaintiff asks for his reinstatement, back pay with benefits, front pay and compensatory damages, etc.

## CAUSES OF ACTIONS

### COUNT I: DISCRIMINATION BECAUSE OF RACE / NATIONAL ORIGIN IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e. et seq.

31. The foregoing paragraphs are realleged and incorporated by reference herein.

32. The defendant's conduct as alleged at length herein constitutes discrimination based on *race* and/or national origin in violation of *Title VII*. The stated reasons for defendants' conduct were not true reasons, but instead were *pretext* to hide defendant's discriminatory *animus*.

33. Similarly, Puerto Rico's Act No. 100, approved on June 30, 1959, as amended, is Puerto Rico's Employment Anti-Discrimination Act ("Ley Contra el Discrimen en el Empleo"). It prohibits discrimination by employer based on employee's *race*. 29 L.P.R.A. §146. Specifically,

it also prohibits employers from taking adverse action against an employee because of his race, with regards to the terms and conditions of employment, refusing to keep or reincorporate employee into his job, willful deprivation of employment and/or taking adverse actions that negatively affect employment status. It also creates a *presumption* against employer. In the above referenced case, the plaintiff belonged to a *protected class* of employees, he was Hispanic of Puerto Rico origin, he was well-qualified for his job, forced to work in a hostile environment and then wrongfully terminated from employment. Above referenced Act No. 100 exposes all defendants to criminal liability (felony) with a mandatory sentence of incarceration of (3) years.

### COUNT II: Violation of the Age Discrimination in Employment Act (29 U.S.C.A. §621 et. seq.)

34. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

35. Defendant discriminated against Plaintiff on the basis of his *age*.

36. The Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C.A. §621et. seq., makes it illegal to discriminate against qualified persons at work because of their age. Rafale Nuñez was over the age of forty (54) at the time of his wrongful termination of employment.

37. Other, younger company employees outside of plaintiff's protected age group, were allowed to keep their employment with defendant, whereas plaintiff suffered adverse employment action when the employer unscrupulously terminated his employment. Some younger individuals began to work for defendants after the plaintiff was terminated, performing plaintiff's functions. The employer proffered reason is a *pretext* for unlawful discrimination.

38. Younger employees outside plaintiff's protected age group were treated differently and were allowed to perform plaintiff's assigned tasks after he was terminated.

39. Similarly, Puerto Rico's Act No. 100, approved on June 30, 1959, as amended, is Puerto Rico's Employment Anti-Discrimination Act ("Ley Contra el Discrimen en el Empleo"). It prohibits discrimination by employer based on an employee's age. 29 L.P.R.A. §146. Specifically,

it prohibits employers from taking adverse action against an employee because of his *age*, with regards to terms and conditions of employment, refusing to keep or reincorporate employee into a job, willful deprivation of employment and/or taking adverse actions that negatively affect employment status. It also creates a *presumption* against the employer. In the above referenced case, the plaintiff belonged to a protected class of employees over 40 years of age, he was qualified for his job, was terminated and his tasks given to younger persons not protected by law.

### COUNT III: Unlawful Retaliation

40. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

41. Title VII's purpose is to protect employees from an employer's unlawful actions. The Court will find that prohibited retaliation is not limited to discriminatory actions affecting the terms and conditions of employment, but can also include an action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." See *Burlington N. & S. F. R. Co. v. White*, 548 U.S. 52 (2006). In the present case, the Court will find that defendant's termination of the plaintiff, in retaliation for reporting workplace harassment and gender discrimination, could dissuade a reasonable worker from engaging in protected activity, if the worker knew that would result in her termination of employment. The Civil Right Act of 1991 provided for compensatory and punitive damages in disparate treatment Title VII claims where the employer engages in "unlawful intentional discrimination" prohibited under section 703, 704, or 717 of the Act. 42 U.S.C. §1981a (a) (1). Taken as a whole, plaintiff's evidence wills suffice to support a finding defendants acted with reckless disregard to plaintiff's rights.

### COUNT IV: VIOLATION OF THE COMONWEALTH OF PUERTO RICO LAW

42. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

43. Puerto Rico's Act No. 80, approved on May 30, 1976, as amended, prohibits employer's wrongful termination without just cause in the Commonwealth of Puerto Rico. 29

L.P.R.A. §185a. Given his employer's subsequent hiring of new employees, and publicly available information which confirms the employer was not undergoing financial hardship, nor had the need for a significant reduction of its workforce, this was a *pretext* for his unlawful termination.

44. Defendants are jointly and severally liable.

### COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

46. Defendant intentionally and negligently inflicted *serious emotional distress* on the Plaintiff. Defendant's conduct, as alleged herein, make them liable under Article 1536, 1538 and 1540 of the Puerto Rico Civil Code.

47. Defendant's actions and omissions, in violation of Federal and Commonwealth of Puerto Rico Laws were tortious and caused Plaintiff severe mental distress, anguish, humiliation, and shame, which should be compensated. He was forced to leave his gainful employment with a false sense of guilt, instilled by his former employer, and his boss' impunity. Defendant's conduct and omissions are the proximate cause of all damages complained of herein, in this Supplemental State Law Claim under Puerto Rico's Tort Statute.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court declares that Defendant's conduct was illegal and in violation of legal statutes herein identified, and that it grants Plaintiff the following remedies:

A. That this Honorable Court issues a Declaratory Judgment declaring that Defendant's actions and/or omissions violate applicable law.
B. That this Honorable Court award Plaintiff reinstatement, back pay, all loss benefits, front pay and other equitable relief.
C. That this Honorable Court enjoins Defendant from engaging in additional discrimination and retaliation against Plaintiff, with the reinstatement.
D. That this Honorable Court award **compensatory and general damages** in the amount of **$2,000,000.00** against all Defendants sued in their individual and/or representative

  capacities, for the Plaintiff, or an amount to be determined according to proof during the trial, as provided by the law and statutes of the United States.

E. That this Honorable Court award exemplary and ***punitive damages*** in the amount of **$3,000,000.00** against all Defendants sued in their individual and/or representative capacities, or an amount to be determined at trial, in light of Defendants' willful, wanton, and malicious acts with conscious disregard and deliberate indifference to Plaintiff's rights.

F. That this Honorable Court award Plaintiff his costs, expenses, and attorney's fees.

G. Pre-judgment interest; and as indicated above, the Plaintiff seeks *compensatory* damages, *statutory* damages, *punitive* damages, *injunctive relieve* and any other relief this Court deems equitable, just and appropriate.

## JURY DEMAND

Plaintiff respectfully requests a *jury trial* on all issues triable to a jury.

In San Juan, Puerto Rico, on this 15th. Day of June 2023.

           Respectfully submitted,

           /S/ Humberto Cobo-Estrella
           Humberto Cobo-Estrella, Esq.
           **USDC-PR230108**
           PO Box 366451
           San Juan, Puerto Rico 00936-6451
           Tel. (787) 529-7140
           Email: hcobo@hcounsel.com

           /S/ Winston Vidal-Gambaro
           Winston Vidal-Gambaro
           **USDC-PR 130401**
           PO Box 193673
           San Juan, Puerto Rico 00919-3673
           Tel. (787) 751-286
           Email: wvidal@prtc.net
           wvidal.law@qmail.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

           /S/ Humberto Cobo-Estrella, Esq.
             *Attorney for the Plaintiff*