# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Victor Rafael Nunez,**  *Plaintiff*  v.  **Transoceanic Cable Ship Co., LLC**  a/k/a SubCom LLC  **Corporation A, and Insurance Company B,**  *Defendants*  _____/ | CIVIL ACTION  Case No.: 3:23-cv-1325  TITLE VI CIVIL RIGHTS ACT OF 1964  Race/National Origin  AGE (ADEA)  RETALIATION  *Demand for Jury Trial* |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO NOTIFY OF NONCOMPLIANCE WITH CONFIDENDIAL SETTLEMENT AGREEMENT AND ORDER TO SHOW CAUSE

COMES NOW, Defendant Transoceanic Cable Ship Co., LLC, by and through its undersigned counsel, and responds as follows to Plaintiff's Motion to Notify Noncompliance with Confidential Settlement Agreement filed on June 4, 2024 and this Court's Order to Show Cause issued on June 11, 2024.

**I.  Plaintiff Has Not Fulfilled All of the Prerequisites For Payment of the Settlement Amounts Under the Confidential Settlement Agreement**

On April 29, 2024, Plaintiff, Defendant, and the Seafarers International Union, Atlantic Gulf, Lakes and Inland Waters, AFL-CIO entered into a Confidential Settlement Agreement and Full and Final General Release of Claims (the "Settlement Agreement") to settle the following four claims filed by Plaintiff against Defendant: (1) the instant lawsuit, *Victor Rafael Nuñez v. Transoceanic Cable Ship Co., LLC a/k/a SubCom LLC*, Case No. 3:23-cv-1325 (the "Lawsuit"); (2) National Labor Relations Charge 05-CA-302555 (the "NLRB Charge"); (3) Equal

Employment Opportunity Commission Charge 515-202200573 (the EEOC Charge); and (4) Grievance 0001-2022 (the "Grievance") submitted to arbitration with the American Arbitration Association, AAA Case No.: 01-22-0005-4140 (the "Arbitration")(see Exhibit A attached hereto).

Paragraph 1 of the Settlement Agreement provides in relevant part:

Upon execution of this Agreement, Nuñez will file a motion for dismissal with prejudice of the Complaint.  Additionally, Nuñez will withdraw or otherwise dismiss with prejudice the Charges, Grievance, and Arbitration.

Paragraph 2 of the Settlement Agreement provides in relevant part:

Upon: (i) execution and delivery to the Company's counsel by Nuñez of this Settlement Agreement and accompanying W-9 (IRS version March 2024), execution by Nuñez's counsel of a W-9 or other such tax documents that may be required by the Company to make such payments, and delivery of the original Settlement Agreement and W-9 forms to counsel for the Company; and *(ii) the filing of dismissal request for the Complaint with the referenced Federal District Court; and the filing of the withdrawal or dismissal request for the Charges, Grievance, and Arbitration; the Company shall, within fourteen (14) days of the last of the foregoing to occur (the "Effective Date"), pay to Nuñez the total sum of ONE HUNDRED AND TEN THOUSAND DOLLARS AND ZERO CENTS ($110,000.00)* (hereinafter "the Payment"), less required deductions as described below. (Emphasis supplied).

Based on the foregoing, payment of the settlement amount was conditioned upon Plaintiff filing withdrawal or dismissal requests for all four claims against Defendant, including the EEOC Charge, and the fourteen-day period for payment of the settlement amount would not begin until the last of the withdrawal or dismissal requests had occurred.

Pursuant to the Settlement Agreement, Plaintiff' counsel emailed Defendant's counsel on May 13, 2024 with proof that Plaintiff had requested withdrawal or dismissal of three of the four claims: the Lawsuit, NLRB Charge and the Grievance/Arbitration.  (See Exhibit B).  On May 20, 2024, Plainitiff's counsel emailed Defendant's counsel regarding the Settlement Agreement that confirmed that the only withdrawal/dismissal requests filed by Plaintiff concerned the Lawsuit, NLRB Charge, and the Grievance/Arbitration (see Exhibit C).  To date, Plaintiff has not provided

2

Defendant with proof that he has filed a withdrawal request for the EEOC Charge as required by the Settlement Agreement. Consequently, Plaintiff has not fulfilled the prerequisite for payment of the settlement amount and the fourteen-day period for payment has not been triggered.

However, Defendant has been concerned that Plaintiff might attempt to back out of the Settlement agreement. To prevent Plaintiff from doing so and out of an abundance of caution, Defendant paid Plaintiff his full settlement amount of $88,000 by direct deposit on May 29, 2024,[1] (see Exhibit D), FedExed Plaintiff's counsel the $22,000 attorneys' fee settlement amount on June 7, 2024 (see Exhibit E) and subsequently demanded that Plaintiff immediately file his withdrawal request regarding the EEOC Charge to comply with the Settlement Agreement (see Exhibit F).

Finally, with respect to Plaintiff's counsel's assertion in the Motion to Notify Noncompliance with Confidential Settlement Agreement that Plaintiff's counsel attempted to communicate with Defendant's counsel without success prior to filing the Motion, Defendant's counsel was on an overseas vacation during the two week period prior to the filing of the Motion and informed Plaintiff's counsel of such vacation after Defendant's counsel returned from the vacation (see Exhibit G).

Based on the foregoing, Plaintiff has failed to fulfill the prerequisite for payment of the settlement amount set forth in the Settlement Agreement and, therefore, Defendant has at all times been in compliance with the Settlement Agreement. Ironically, Plaintiff is now the party who is not in compliance with the Settlement Agreement. Consequently, Defendant

---

[1] The $88,000 was direct deposit in two increments due to Defendant's system limitations. $80,000 was direct deposited on May 29, 2024 and the remaining $8,000 was direct deposited on May 30, 2024.

respectfully requests this Court to deny Plaintiff's Motion and enter an order in favor of Defendant that also directs Plaintiff to comply with the Settlement Agreement.

DATED: June 14, 2024.

                Respectfully submitted,

                *s/ Grant D. Petersen*
                Grant D. Petersen, Esquire
                Florida Bar No. 378682
                Email: grant.petersen@ogletree.com
                OGLETREE, DEAKINS, NASH
                    SMOAK & STEWART P.C.
                100 N. Tampa Street, Suite 3600
                Tampa, Florida 33602
                T: (813) 289-1247; F: (813) 289-6530
                (Admitted Pro Hac Vice)

                *s/ Carlos Colón-Machargo*
                Carlos Colon-Machargo, Esq.
                USDC-216809
                Email: carlos.colon-machargo@ogletree.com
                OGLETREE, DEAKINS, NASH
                    SMOAK & STEWART P.C.
                One Ninety One Peachtree Tower
                191 Peachtree Street, N.E., Suite 4800
                Atlanta, GA 30303
                Telephone: (404) 260-0657

                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I FURTHER CERTIFY** that on June 14, 2024, I electronically filed the foregoing pleading. Notice of this filing will be sent a notice to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

5

*s/ Carlos Colon-Machargo*
Carlos Colon-Machargo, Esq.

*Attorney for Defendant TCSC*